# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **DEBORAH ENGLEHART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No. **4:17-CV-01339-NCC** |
| | ) | |
| **STATE FARM MUTUAL AUTOMOBILE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant State Farm Mutual Automobile Insurance

Company's ("State Farm") Motion to Compel Answers to Second Supplemental Interrogatories

(Doc. 24). The Motion is fully briefed and ready for disposition. The parties have consented to

the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. §

636(c) (Doc. 11). For the following reasons, Defendant's Motion will be **GRANTED, in part**

and **DENIED, in part**.

### I. Background

Plaintiff Deborah Englehart ("Englehart") filed this underinsured motorist action in the

Circuit Court for the City of St. Louis on April 7, 2017, against State Farm for breach of contract

(Count I) and vexatious refusal to pay (Count II) (Doc. 1-5). On February 2, 2014, Englehart, a

64-year old woman, was injured in a car accident. Specifically, Englehart alleges she sustained a

brain injury as the result of the accident.

During the course of discovery, State Farm propounded the following Second

Supplemental Interrogatories to Englehart:

1. State whether you have been treated for any of the following conditions, diseases,

deficiencies, etc.:

       a. Hypertension;

       b. Abnormal or elevated cholesterol;

       c. Gastroesophageal reflux, gastritis or ulcers;

       d. Stroke;

       e. Obesity;

       f. Stress;

       g. Anxiety;

       h. Depression;

       I. [sic] Fibromyalgia;

       j. Menstrual difficulties;

       k. Obsessive compulsive disorder;

       1. Alcohol use;

       m. Cigarette use;

       n. Elevated blood sugar or diabetes;

       o. Lyme disease;

       p. Cancer;

       q. Arthritis;

       r. Bacterial vaginosis;

       s. Colitis;

       t. Vitamin deficiencies;

       u. Meningitis;

       v. Lupus;

       w. Vasculitis;

       x. Connective tissue disease; and

       y. Auto Immune disease.

2. If you have been treated for any of the conditions referenced in interrogatory one, for each state:

       a. The dates when you received such treatment;

       b. The name and address of each health care provider who was involved in your care for such condition; and

       c. If you would be identified by a different name or lived at another address at the time of such treatment, please state that different name and/or address information.

3. Have you ever used any of the following:

       a. Flagyl;

       b. Methamphetimines;

       c. Heroine;

d. Cocaine;
e. Cigarettes; and
f. Alcohol.

4. If the answer to any of the subparagraphs of the preceding paragraph are "yes" state:
a. The date or dates when you used one of the items identified in interrogatory three;
b. If prescribed, identify the name and address of the health care providing [sic] you a prescription for the item;
c. If prescribed or given to you, the name and address of the business that fill [sic] the prescription or distributed the item to you; and
d. If you were identified by a different name or lived at a different address when you used such items, please state that different name and/or address.

(Doc. 24-1). Englehart responded to each of the four interrogatories with the same objection:

> Plaintiff objects to this Interrogatory as irrelevant and harassing. Furthermore, Plaintiff objects to this Interrogatory as overbroad as the Interrogatory is unlimited in time. Plaintiff has not placed her entire medical history at issue simply by filing this lawsuit.

(Doc. 24-2).

On April 19, 2018, State Farm filed the current Motion to Compel requesting an Order overruling Englehart's objections and directing her counsel to provide answers no later than May 15, 2018, 10 days prior to the deposition of Englehart's expert on May 25, 2018 (Doc. 24). State Farm asserts that the Second Supplemental Interrogatories seek information regarding conditions, diseases and deficiencies which are associated with the very conditions about which Dr. Randall Benson, M.D., Plaintiff's expert, will be expressing opinions in this case. Specifically, these conditions are associated with development of altered white matter integrity, altered axon function, and reduced anisotropy. In support of its assertion, State Farm provides the Court with the affidavit of its expert, Dr. John Mattingly, M.D., indicating that these subjects are relevant to the opinions of Dr. Benson. State Farm concedes that, based on this affidavit, it

3

would be reasonable to limit the information to the period since Englehart attained the age of 18 until the present time. However, State Farm asserts that the information is relevant because it will pertain to the reasons why Englehart could have changes in her MRIs that would be wholly unrelated to any motor vehicle accident. State Farm also notes that Englehart has not raised any objection to the proportionality of the requests nor has counsel indicated that State Farm can obtain access to the information without Englehart providing information about her medical history. State Farm certifies, pursuant to Local Rule 3.04, that the parties have conferred in good faith prior to the filing of its motion.

On April 25, 2018, Englehart responded to State Farm's Motion requesting the Court sustain her objections (Doc. 26). Englehart asserts that State Farm has failed to show that the requested information is relevant. In support of this assertion, Englehart notes that State Farm failed to provide any case law in support of its position and, instead, only made a blanket statement that Englehart's brain could have been affected by these prior conditions, diseases, or deficiencies. Englehart argues that "[t]he Court should employ common sense in limiting discovery on this issue. A single cigarette or alcoholic drink that Plaintiff had on her 18th birthday — more than 46 years ago — is obviously unlikely to have cause the brain issues that Plaintiff experiences today" (*Id.* at 2-3).

On April 26, 2018, State Farm filed a reply reiterating that the subjects of the Second Supplemental Interrogatories are conditions, diseases or deficiencies that are associated with the cause of the conditions found on Englehart's MRIs (Doc. 27 at 2). State Farm argues that these conditions are "noted to be relevant by a medical expert" and "need to be explored" (*Id.*).

## II. Analysis

Federal Rule of Civil Procedure 26(b)(1) provides for the discovery of any nonprivileged

matter that is relevant to any party's claim or defense and proportional to the needs of the case. "Relevancy is to be broadly construed and encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *E.E.O.C. v. Woodmen of the World Life Ins. Society*, 2007 WL 1217919 at *1 (D. Neb. March 15, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). To that end, discovery need not be admissible at trial. Fed. R. Civ. P. 26(b)(1). However, State Farm, as the moving party, "bear[s] the initial burden of showing that the requested discovery is discoverable within the meaning of Rule 26." *Bates v. Delmar Gardens N., Inc.*, No. 4:15-CV-00783-AGF, 2016 WL 3543046, at *4 (E.D. Mo. June 29, 2016). "[A]fter the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, No. 4:09CV234–DJS, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). "The management of discovery is committed to the sound discretion of the trial court." *In re Missouri Dep't of Nat. Res.*, 105 F.3d 434, 435 (8th Cir. 1997) (citing *Bunting v. Sea Ray, Inc.*, 99 F.3d 887, 890 (8th Cir. 1996)).

The Court finds that while a portion of Englehart's medical history may be relevant to a State Farm defense, requiring Englehart to provide information regarding 46 years of medical history is unduly burdensome, overbroad, and unnecessary. To that end, the Court will limit Second Supplemental Interrogatories 1 and 2 to five years preceding the accident. *Bates*, 2016 WL 3543046, at *5 (limiting the discovery of plaintiff's medical information and records to five years preceding the alleged conduct at issue) (listing cases). Further, any potential relevancy of the records outside this time period is outweighed by the burden on Englehart to disclose records

likely to contain sensitive personal information. *See St. John v. Napolitano*, 274 F.R.D. 12, 17 (D.D.C. 2011) (denying the extent of defendant's request as to plaintiff's medical records, in part, due to the harm to the plaintiff's privacy interests from the disclosure). The Court also finds that State Farm has failed to establish that Englehart's use of any of the substances listed in Second Supplemental Interrogatory 3 are relevant to one of its defenses. While its expert indicates that "[a]ll of the conditions, diseases or deficiencies identified in questions 1, 2 and 3 . . . are associated" with the potential brain injury at issue, these substances are not conditions, diseases or deficiencies (Doc. 24-4). Furthermore, two of the six items, Englehart's potential use of alcohol or cigarettes, are addressed in Second Supplemental Interrogatories 1 and 2 wherein State Farm asks Englehart if she has been treated for either alcohol use or cigarette use (Doc. 24-1). While the Court is cognizant that use of either of these substances may not require treatment, State Farm has failed to show how limited alcohol or cigarette use not requiring treatment is relevant. As such, the Court will sustain Englehart's objections to Second Supplemental Interrogatories 3 and 4.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's Motion to Compel Answers to Second Supplemental Interrogatories (Doc. 24) is **GRANTED, in part** and **DENIED, in part**. Plaintiff Deborah Englehart shall provide answers to State Farm's Second Supplemental Interrogatories as detailed herein on or before May 15, 2018.

Dated this 1st day of May, 2018.       /s/ Noelle C. Collins
                                     NOELLE C. COLLINS
                                     UNITED STATES MAGISTRATE JUDGE